UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DA-SHAWN BUTLER,

        Petitioner,

    v.                                        18-CV-474-LJV-MJR
                                                 DECISION & ORDER

ANTHONY J. ANNUCCI,

        Respondent.

---

On April 20, 2018, the *pro se* petitioner, Da-Shawn Butler, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. On July 10, 2019, the Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 16. In the meantime, the respondent, Anthony J. Annucci, had filed an answer and memorandum of law in opposition to Butler's petition. Docket Item 12. And in October 2019, Butler filed a short reply. Docket Item 18.

On July 13, 2022, Judge Roemer issued a Report, Recommendation, and Order ("RR&O") finding that the request for a writ of habeas corpus should be denied and the petition dismissed. *See* Docket Item 21 at 34. The parties did not object to the RR&O, and the time to do so now has expired.[1] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] On July 27, 2022, the copy of the RR&O that was mailed to Butler was returned as undeliverable. Docket Item 22. According to the New York State Department of Corrections and Community Supervision's website, Butler was released from custody on September 2, 2021. *See* https://nysdoccslookup.doccs.ny.gov. Rule 5.2(d) of the Local Rules of Civil Procedure for the United States District Court for the Western

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's careful and thorough RR&O as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to dismiss Butler's petition.

For the reasons stated above and in the RR&O, Butler's application for a writ of habeas corpus, Docket Item 1, is DENIED, and the petition is DISMISSED. The Clerk of the Court shall close the case.

---

District of New York requires *pro se* litigants to "furnish the Court with a current address at which papers may be served on the litigant. . . . The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice." But after Butler was released, he did not provide the Court with a current address, and the Court does not have another way to contact Butler. And that is another reason why his petition could be subject to dismissal. As mentioned below, this Court nevertheless has reviewed Judge Roemer's careful and thorough RR&O and accepts and adopts Judge Roemer's recommendation to dismiss the petition.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Butler must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: September 23, 2022
Buffalo, New York

        */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE